UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

       Plaintiff,

v.

       File No. 1:06-CR-61

       HON. ROBERT HOLMES BELL

QUANTEZ PETEZ PHILLIPS,

       Defendant.
_____/

## **O P I N I O N**

This matter is before the Court on Defendant Quantez Petez Phillips's Motion for Modification or Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. No. 69.) For the following reasons, the motion will be denied.

The Court sentenced Defendant on October 13, 2006, after he pleaded guilty to possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). For purposes of calculating his sentence under the Sentencing Guidelines, Defendant's offense level yielded a range of 151 to 188 months of incarceration. The government moved for a downward departure from the Guidelines range pursuant to U.S.S.G. § 5K1.1 based on Defendant's substantial assistance in the investigation and prosecution of other persons. (Dkt. No. 60.) The Court granted the government's motion and sentenced Defendant to the statutorily-mandated minimum term of 120 months. (Dkt. No. 66.) On March 12, 2008, Defendant filed his motion for reduction of sentence. On April

21, 2008, the government filed a Rule 35(b) motion for downward departure based on additional substantial assistance from Defendant. (Dkt. No. 74.) The Court granted the government's Rule 35(b) motion and amended Defendant's term of custody to 102 months. (Dkt. No. 76, Am. J.)

Defendant moves for a reduction in his sentence based on Amendments 706 and 711 of the Sentencing Guidelines. A district court is authorized to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The Sentencing Guidelines authorize a section 3582(c)(2) reduction only if the Guidelines range applicable to the defendant was lowered as a result of a retroactive amendment listed in section 1B1.10(c) of the Sentencing Guidelines. U.S.S.G. § 1B1.10(a)(1). Amendments 706 and 711 are listed in section 1B1.10(c). U.S.S.G. § 1B1.10(c).

The United States Probation Office prepared a Sentence Modification Report in response to Defendant's motion for modification. According to the report, the amendments would have reduced the applicable Guidelines range, but would not have affected Defendant's sentence because Defendant was subject to the statutory minimum. The Court agrees. Where the mandatory minimum exceeds the Guidelines range, the minimum replaces the Guidelines range. *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009). As the Sixth Circuit explained in *Johnson*, a motion pursuant to section 3582 does not authorize a

further reduction below the mandatory minimum, even where the court has already departed below the minimum based on the government's motion pursuant to 18 U.S.C. § 3553(e).[1] *Id.* Defendant contends that the government's Rule 35(b) motion for reduction of his sentence eliminates the statutory minimum, and that Defendant should now be given the full effect of the amendments to the Guidelines range. However, the court in *Johnson* rejected a similar argument. In that case, the defendant was subject to a mandatory minimum of 240 months and a guidelines range of 235-293 months. *Johnson*, 564 F.3d at 422. The district court sentenced the defendant to a term of 108 months, departing below the mandatory minimum after the government moved for downward departure pursuant to 18 U.S.C. § 3553(e). *Id.* The court held that, notwithstanding the motion for downward departure below the statutorily-mandated minimum, the statutory minimum remained the same and, therefore, the guidelines range was unaffected by the amendments to the Sentencing Guidelines. *Id.* at 423. Similarly, even though the Court has departed below the statutory minimum based on the government's Rule 35(b) motion, Amendments 706 and 711 to the Sentencing Guidelines do not change the mandatory minimum under which Defendant was

---

[1]*Johnson* addressed circumstances in which the government had moved for a downward departure prior to sentencing pursuant to 18 U.S.C. § 3553(e) rather after sentencing pursuant to Rule 35(b). However, a Rule 35(b) motion is the post-sentencing equivalent to a section 3553(e) motion. *United States v. Monus*, 20 F. App'x 511, 512 n.1 (6th Cir. 2001) (unpublished).

originally sentenced and, thus, section 3582(c) does not allow the Court to further reduce his sentence.[2]

Defendant contends that a further reduction is consistent with Application Notes 1(B)(iii) and 3 to U.S.S.G. § 1B1.10. Application Note 1(B)(iii) explains that a Court may take into account post-sentencing conduct to determine whether a reduction is warranted. U.S.S.G. § 1B1.10 cmt. n.1(B)(iii). Application Note 3 explains that in the case of a below-Guidelines-range original sentence, "a reduction comparably less than the amended guideline range . . . may be appropriate." U.S.S.G. § 1B1.10 cmt. n.3. Defendant's reliance on Application Notes 1(B)(iii) and 3 is misplaced because they do not address statutorily-mandated minimum sentences. Application Note 1(A), on the other hand, specifically provides that a sentence reduction is **not** authorized under 18 U.S.C. § 3582(c) if it does not have the effect of lowering the defendant's applicable Guidelines range because of the operation of a mandatory minimum term of imprisonment. U.S.S.G. § 1B1.10 cmt. n.1(A).

Defendant also cites *United States v. Williams*, 103 F.3d 57 (8th Cir. 1996). In *Williams*, the statutorily-mandated minimum sentence for the defendant's offense was 120

---

[2]The Court notes that, prior to Defendant's initial sentencing, the government requested a downward departure from the Guidelines range pursuant to section 5K1.1 of the Sentencing Guidelines; however, even under the amended Guidelines, that request would not have given the Court the authority to depart below the statutorily-mandated minimum. *See Melendez v. United States*, 518 U.S. 120, 124 (1996); *United States v. McIntosh*, 484 F.3d 832, 835 (6th Cir. 2007).

months. *Id.* at 58. The Guidelines range was 292 to 365 months. *Id.* The court sentenced defendant to 204 months, departing below the Guidelines range in light of the government's section 5K1.1 motion. *Id.* On a Rule 35(b) motion filed after sentencing, the court further reduced the sentence to 131 months. *Id.* A year later, the defendant moved to reduce his sentence pursuant to section 3582(c) based on a retroactive amendment to the Sentencing Guidelines. *Id.* In light of the amendment, and in consideration of the defendant's substantial assistance before and after sentencing, the government filed a motion pursuant to 18 U.S.C. § 3553(e) to allow the court to depart below the statutory minimum. *Id.* The district court held that the government could not rely on section 3582(c) to reduce a sentence in connection with a section 3553(e) motion. The Eighth Circuit disagreed, holding:

> In order that a defendant may receive the full benefit of both a change in sentencing range and the assistance the defendant has previously rendered, we conclude that the government may seek a section 3553(e) reduction below the statutory minimum in conjunction with a section 3582(c)(2) reduction.

*Id.* at 58-59. *Williams* is distinguishable because in that case the court was considering a motion *by the government* pursuant to section 3553(e), which empowers a court to issue a sentence below the mandatory minimum. In the instant case, *Defendant* seeks an adjustment based on section 3582(c). The fact that the government has separately filed a Rule 35(b) motion after Defendant's motion is of no relevance. A Rule 35(b) motion empowers a court to reduce a sentence below the statutory minimum; a motion pursuant to section 3582(c) does not. *See United States v. Mueller*, 27 F.3d 494, 497 (10th Cir. 1994) (holding that where the

defendant had received a Rule 35 reduction below the mandatory minimum, the Guidelines amendment did not entitle the defendant to a further reduction of his sentence). Moreover, unlike the instant case, Williams initially received a sentence *above* the mandatory minimum before he and the government moved for a reduction under sections 3553(e) and 3582(c). *Williams*, 103 F.3d at 58. Thus, in that case both sections could be given operative effect: section 3582(c) to reduce the sentence to the statutory minimum, and section 3553(e) to depart below the minimum. In Defendant's case, he was originally sentenced under the Guidelines to the mandatory minimum; thus, his motion pursuant to section 3582(c) can have no effect on his sentence.

Finally, Defendant cites a memorandum prepared by the Office of Research and Data of the Sentencing Commission, in which the authors assumed for purposes of calculating the impact of the crack amendments that, where the new, estimated sentence is below the mandatory minimum, and where no substantial assistance reductions had been applied, offenders would be resentenced at the mandatory minimum. Memorandum from Glenn Schmitt et al., Analysis of the Impact of the Crack Cocaine Amendment If Made Retroactive, at 22 (Oct. 3, 2007). The memorandum notes that this assumption may underrepresent the magnitude of reductions because:

> Under [Rule 35(b)], the court may sentence an offender below any otherwise applicable mandatory minimum term of imprisonment. Therefore, *an offender who received a sentence reduction pursuant to Rule 35(b) would be eligible to seek a*

6

> *reduced sentence under the crack cocaine amendment if it were to be made retroactive* (assuming all other criteria above are met).

*Id.* at 6-7 n.20 (emphasis added). Notwithstanding the apparently contrary view represented by the foregoing statements, the Court's decision is constrained by the binding authority in *Johnson*. As in *Johnson*, if Defendant were resentenced today under the amended Guidelines, his sentence would be limited by the mandatory minimum. The Sentencing Guidelines do not trump a statutorily-mandated minimum sentence. *Johnson*, 564 F.3d at 423. Thus, Defendant's sentence is not affected by the amendments to the Guidelines, and his motion pursuant to section 3582(c) must be denied.


Dated: March 16, 2010          /s/ Robert Holmes Bell
                               ROBERT HOLMES BELL
                               UNITED STATES DISTRICT JUDGE